IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,          :
                                   :
          Plaintiff,               :          CR-2-11-251
                                   :          JUDGE MARBLEY
     v.                            :
                                   :
JOSEPH L. REYNOLDS,                :
                                   :
          Defendant.               :

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, the Indictment returned in this action contained a forfeiture allegation (Forfeiture A) notifying Defendant Joseph L. Reynolds that the United States sought the forfeiture of specific property of Defendant Joseph L. Reynolds, pursuant to 18 U.S.C. §924(d)(1) and 28 U.S.C. §2461(c), based on the conduct of Defendant Joseph L. Reynolds in Counts Three, Seven, and Fourteen of the Indictment, in violation of 18 U.S.C. §922(g)(1) and 18 U.S.C. §924(a)(2), which property is fully described below ("subject property"); and

WHEREAS, on March 23, 2012, Defendant Joseph L. Reynolds entered a Plea of Guilty to Counts One and Seven of the Indictment[1]; and

WHEREAS, in the Plea Agreement entered on February 28, 2012, Defendant Joseph L. Reynolds agreed to forfeit all right, title, and interest he has in the firearms as listed in Forfeiture

---

[1]Please see Paragraph Five of Defendant Joseph L. Reynolds' Plea Agreement regarding the disposition of Counts Three and Fourteen.

Allegation A of the Indictment, specifically: a Haskell Manufacturing (Hi-Point) JHP45 .45 caliber pistol with serial number X415362; an Astra, Model Police, .357 caliber revolver with serial number R380511; a Hopkins & Allen Arms, Model Forehand, 12 gauge shotgun with serial number 10280; a Remington, Model 870 Express Super Magnum, 12 gauge shotgun with serial number D269263A; a Meriden Firearms Co., Model Pocket Pistol, .38 caliber revolver with serial number 221150; and, ammunition as set forth in Forfeiture Allegation A of the Indictment. Defendant Joseph L. Reynolds also agreed not to contest the judicial and/or administrative forfeiture of said firearms and ammunition and waived any failure by the Court to fully comply with the requirements in Fed. R. Crim. P. 32.2(b)(4).

WHEREAS, by virtue of said Indictment, Guilty Plea, and Plea Agreement the Court has determined that the requisite nexus exists between the subject property and Count Seven of the Indictment, that the subject property is forfeitable pursuant to 18 U.S.C. §924(d)(1) and 28 U.S.C. §2461(c), and that the United States is now entitled to possession of the subject property.

Accordingly, it is hereby **ORDERED, ADJUDGED, AND DECREED:**

1.     That Defendant Joseph L. Reynolds shall forfeit to the United States the subject property, that is:

**A Haskell Manufacturing (Hi-Point) JHP45 .45 caliber pistol, SN: X415362;**

2

An Astra, Model Police, .357 caliber revolver, SN: R380511;

A Hopkins & Allen Arms, Model Forehand, 12 gauge shotgun, SN: 10280;

A Remington, Model 870 Express Super Magnum, 12 gauge shotgun, SN: D269263A;

A Meriden Firearms Co., Model Pocket Pistol, .38 caliber revolver, SN: 221150; and,

All ammunition found within the listed firearms.

2. That the designated agent for the Bureau of Alcohol, Tobacco, Firearms, and Explosives shall immediately seize the subject property and hold same in his secure custody and control.

3. That the United States is authorized to conduct any discovery proper in identifying, locating or disposing of the subject property in accordance with Fed. R. Crim. P. 32.2(b)(3).

4. That the United States shall publish, in accordance with the provisions of 21 U.S.C. §853(n), notice of this Order and notice of its intent to dispose of the subject property in such manner as the Attorney General may direct.

5. The United States shall also provide written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding in accordance with Fed. R. Crim. P. 32.2(b)(6).

6. That pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to Defendant Joseph L. Reynolds at the time of sentencing and shall be made part

of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7. That following the Court's disposition of all petitions filed pursuant to 21 U.S.C. §853(n), or, if no such petitions are filed, following the expiration of the period for the filing of such petitions, the United States shall have clear title to the subject property.

8. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

ORDERED this __16__ day of __May__, 2012.

_____
HONORABLE ALGENON L. MARBLEY
UNITED STATES DISTRICT COURT JUDGE